**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| ALONZO D. SHEPHARD, | : | Case No. 2:26-cv-1601 |
| Plaintiff, | : | |
| vs. | : | District Judge Algenon L. Marbley<br>Magistrate Judge Peter B. Silvain, Jr. |
| WARDEN ED BANKS, *et al.*, | : | |
| Defendants. | : | |

# DEFICIENCY ORDER

Plaintiff, an Ohio inmate at Belmont Correctional Institution proceeding *pro se*, filed a complaint in a prisoner civil rights action. (Doc. #1). Due to a lack of either a motion for leave to proceed *in forma pauperis* (IFP) or filing fee, the Clerk's Office in the District of Columbia issued a Notice of Deficiency on June 30, 2026. On August 18, 2026, Plaintiff filed an IFP Motion. (Doc. #2). This case was subsequently transferred to the Southern District of Ohio and assigned to the Undersigned on November 4, 2026. (Doc. #4). Upon review of Plaintiff's IFP Motion and Complaint, the Court **ORDERS** Plaintiff, within **thirty (30) days** of the date of this Order, to correct the following deficiencies should he wish to proceed with this action.

First, Plaintiff's IFP Application is incomplete. Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(a)-(h), a prisoner seeking to bring a civil action without prepayment of fees or security therefor must submit a completed application and affidavit to proceed without prepayment of fees *and* a certified copy of their trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint obtained from the cashier of the prison at which the prisoner is or was confined. 28 U.S.C. § 1915(a)(2). In this case, Plaintiff's IFP Application is incomplete because Plaintiff has failed to

provide the Court with a "Certificate" page (page 8 of the Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form that is used in this Court), which is required to be completed and signed by the institutional cashier.

Plaintiff is therefore **ORDERED** to pay $405 ($350 filing fee plus $55 administrative fee) or submit a completed Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form, including a "Certificate" page (page 8 of the Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form that is used in this Court) completed and signed by the institutional cashier **within thirty (30) days** of the date of this Order.

The Clerk is **DIRECTED** to provide Plaintiff with an Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form at the institution where Plaintiff is currently confined.

Second, Plaintiff's handwritten Complaint (Doc. #1) is practically illegible. For the Court to properly assess Plaintiff's claims, including his pleadings regarding the "imminent danger" exception[1] under 28 U.S.C. § 1915(g), the Court **DIRECTS** Plaintiff to submit a legible complaint, either typed, double-spaced, or handwritten with sufficient space between each word and line for readability. Therefore, Plaintiff is **ORDERED** to submit a legible amended complaint within **thirty (30) days** of the date of this Order.

The Clerk is **DIRECTED** to provide Plaintiff with a civil rights packet.

Accordingly, Plaintiff is **ORDERED**, within **thirty (30) days** of the date of this Order, to (1) submit a complete application to proceed *in forma pauperis* ***or*** pay the required filing fee and (2) submit a legible amended complaint.

---

[1] As the District of Columbia Court recognized in its order transferring the case, Plaintiff is "barred from proceeding IFP having accumulated at least three strikes under 28 U.S.C. § 1915(g)," unless Plaintiff sufficiently pleads that he is "under imminent danger of serious physical injury." (Doc. #4, *PageID* #15); see also *Shephard v. Shephard*, No. 3:22-CV-76, 2022 WL 1624716 (S.D. Ohio May 23, 2022) (Newman, D.J.).

**If Plaintiff fails to comply with this Order, the Court may dismiss this case for want of prosecution**. *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997). Should he need additional time to comply with the Order, Plaintiff should file a motion for extension of time.

**IT IS SO ORDERED.**

November 6, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge